Meyer, J.
(dissenting). I agree with the procedural steps relating to recusal outlined in the majority opinion, but disagree with its remittal to the Appellate Division. That court concluded that reversal by it was required, because, among other reasons, the Assistant District Attorney’s “re-enactment of the questioning before the Grand Jury constituted a subtle form of unsworn evidence which substantially blurred the line between Ferrara [the Assistant District Attorney] as an advocate and as a witness.”
The majority notes (p 298) defendant’s objection to the reading to the trial jury of his Grand Jury testimony, with Ferrara “acting in his role as prosecutor before the Grand Jury, read [ing] the questions posed, and another member of the District Attorney’s staff, acting in defendant’s role, read [ing] the responses”, but does not thereafter mention or pass upon that objection. The Appellate Division’s reversal of defendant’s conviction was proper on that ground alone. Any question of the application of the recusal proce *305 dures we now establish may arise if Ferrara is again designated to conduct the retrial, but since recusal was denied by the trial court I fail to see the need for reversal and remittal to the Appelate Division rather than affirmance, though on only one of the grounds it used, of its order granting defendant a new trial.
Chief Judge Cooke and Judges Jasen and Jones concur with Judge Gabrielli ; Judge Meyer dissents and votes to affirm in a separate opinion in which Judges Wachtler and Fuchsberg concur.
Order reversed and case remitted to the Appellate Divisision, Second Department, for further proceedings in accordance with the opinion herein.